■ MILENA BERGANI, Appellant, v ROSE DESENA et al., Respondents. [855 NYS2d 228]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated July 31, 2007, as denied that branch of her motion which was for leave to enter judgment against the defendant Rose Desena upon her failure to appear or answer the complaint and directed that an inquest on the issue of damages with respect to the defendant Louis V. Maiello shall be held in abeyance pending the completion of the case against the defendant Rose Desena.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Rose Desena is granted, and the matter is remitted to the Supreme Court, Queens County, for an inquest on the issue of damages against both of the defendants.

On October 25, 2006 a process server delivered the summons

and verified complaint in this action to a person of suitable age and discretion at the dwelling place or usual place of abode of the defendant Rose Desena, pursuant to CPLR 308 (2). That same day, the process server made the required follow-up mailing of the summons and verified complaint to Desena (see CPLR 308 [2]). Proof of service was filed on November 6, 2006. Desena did not appear or interpose an answer, and on or about April 26, 2007 the plaintiff moved, inter alia, for leave to enter a default judgment against Desena and the other defendant, Louis V. Maiello, who also did not appear or answer the complaint.

In the order appealed from, the Supreme Court denied that branch of the plaintiff's motion which for leave to enter a default judgment against Desena, granted that branch of the motion which was for leave to enter a default judgment against Maiello, and directed that an inquest on the issue of damages with respect to Maiello shall be held in abeyance pending the completion of the case against Desena. The Supreme Court concluded that Desena was not in default because the process server had failed to state whether Desena was in active military service, as required by 50 USC Appendix § 521. However, the bottom of the form affidavit of service states that the process server inquired of the person to whom the summons and verified complaint were delivered whether "the recipient" (earlier defined in the form as Desena) was presently in military service of the United States Government or on active military duty in the service of the State of New York, and was informed she was not.

Accordingly, that branch of the plaintiff's motion which was for leave to enter a default judgment against Desena should have been granted, and we remit the matter to the Supreme Court, Queens County, for an inquest on the issue of damages with respect to both defendants.

The defendants' remaining contentions are not properly before this Court. Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.